The first is number 202994 United States v. Smith-Petterson. Ms. Drake. Thank you. Good morning. Excuse me, I'm going to interrupt for just a second. If everyone else could block out their screen, that would be great. Thank you very much. Ms. Drake, please proceed. Thank you. Good morning. May it please the Court and Council, my name is Jameisa Drake and I represent Mr. Petterson. Your Honors, our argument proceeds in three parts and builds on itself. The first part is that a failure of proof defense is legally cognizable. In fact, it's arguably the most rudimentary defense a criminal defendant can raise. A defendant is entitled to assert a failure of proof defense, even if he puts on no evidence at all during the trial. A defendant can always argue that the government has failed to prove a material element beyond a reasonable doubt. And to put a finer point on it, a defendant may argue that the government has failed to prove mens rea, regardless of whether he additionally asserts any other affirmative defenses. Secondly, a defendant is entitled to simultaneously pursue a failure of proof defense and an affirmative defense. Matthews says as much. And this is true even if the failure of proof defense and the alternative affirmative defenses are seemingly inconsistent. Matthew says that too. And a defendant may point to and rely on the same evidence in support of his failure of proof defense and an affirmative defense. And this brings these two propositions together, bring us to our third point, which is the question presented here. And that is whether the district court was entitled to limit the jury's consideration of whether the government established the mens rea element beyond a reasonable doubt. Well, didn't your client on the stand admit any number of things so that the only thing for which the defense you were trying to present was relevant, given the earlier waiver of duress, was the question of entrapment. And so wasn't the district judge correct in saying that's all that there was left? No, Your Honor. The client acknowledged that he participated in the drug sales, but was adamant that he did so only because he felt threatened to do that. But that is a duress defense. Well, he did not he disavowed raising a duress defense because he did not additionally claim that he had no opportunity to escape the harm. Instead, his point was that because he felt threatened. This is the point he he wanted to make. He wanted the district court to understand is that because he felt threatened, he was not acting with a bad purpose. He was not acting voluntarily. But the bad purpose is still I mean, I also have difficulty seeing the space between your general in your general proposition. I accept that there is the burden on the government to show the requisite intent and that at the same time, the defendant can mount an affirmative defense of some kind. But where intent is concerned and where your client admitted that he knew it was drugs, he did several transactions and he knew that it was unlawful. That's all that's required in my understanding to show intent. And the fact that he may have felt afraid to mount that defense. That's that is a duress defense that he felt fear. I don't understand how why the duress defense would even exist if just getting on the stand and saying I was fearful was enough to negate intent. You understand my problem? Yes, Your Honor. And if I if I might, I, I hear two separate concerns in what you said. And so I'd like to address both and begin with the latter, which is sort of why bother with duress? How are these related? How is the failure of proof and the duress defense related? For strategic reasons or perhaps even for because it's motivated by what the client is requesting of the defendant. A defense attorney may well choose to mount as many potential defenses as possible. May decide to cover her bases is in as many ways as she can. And that may include arguing there's a lack of mens rea. It may include additionally arguing entrapment, which is what happened here and duress, which is not something that the defendant asserted. But there is there is a difference, a meaningful difference between duress and failure of proof on mens rea because duress has this this added component about the opportunity to avert the harm, if you will. I'm not entirely clear what your objection is to Judge Rakoff's ruling. Your client through counsel made clear that they were not mounting a duress defense. But once the evidence came in, it seemed to me that that's exactly what was going on. And Judge Rakoff called you on that. Not you, but Judge Rakoff called the defense on that. I mean, once duress was, to be sure, disavowed, but then the evidence morphed into a backdoor duress defense and Judge Rakoff, as he was entitled to do, took reasonable steps to limit that. What's wrong with that? Your Honor, let me I think I can answer that and simultaneously address Judge Carney's the first part of what Judge Carney was saying, which is that in this case, the instructions the jurors received on the definition of knowing and intentional are precisely the target that the defendant aimed at with this threat evidence by way of saying, setting aside the issue of opportunity to avert the harm by way of saying, I was threatened, and therefore I didn't act with a bad purpose. I didn't act voluntarily. I did not have the intent to further the goals of the conspiracy. Instead, All that came in. He put all that in. That's correct. But then, and this is set out in both my papers and the government's when it came time to instruct the jury. The district court channeled the jurors use of that threat evidence exclusively to Excuse me. Did then counsel suggest an instruction to the jury that clearly differentiated between the duress defense that was not, that it was waived and the defense that you are saying might have been there anyway on intent? Did previous counsel suggest a way of saying to the jury that it might consider that rather than presenting everything which would have also been a duress defense? Yes, counsel was very dogged, dogged to the point of drawing the district court's ire to say You know, present language to the court for a possible instruction to the jury that met this requirement. Yes, Your Honor. I see my time has expired. If I might answer. Please take your time to answer Judge Calabresi. Thank you. Yes, at various points in the proceeding. Counsel proposed specific language, both to make clear to the jury that the threat element evidence was relevant to the issue of mens rea and intent. And also, in addition, and this is with respect to our sort of second point about the duress instruction. Asked the court to very clearly explain that duress had a particularized legal meaning. And that is not what the defense was pursuing. So it's not to leave the impression that the legal meaning and the common meaning of duress were the same, thereby creating confusion that in telling the jury, the defense hadn't proven duress. The court was somehow signaling that the defendant hadn't established the veracity or the credibility of this threat evidence also undercutting defendants desire to assert a failure of proof defense on the mens rea point. Thank you. All right. You've reserved two minutes for rebuttal. We'll hear from the government. Thank you. May it please the court. My name is Danielle Sassoon and I represent the United States on appeal. There are two interrelated issues here. One is the failure to instruct that the threat evidence was relevant to mens rea. And the second is the administering of limiting instructions about the duress defense. I'd like to pick up on the questions related to the failure of proof defense. A defendant is not entitled to an instruction on a defense that's legally incorrect. And Judge Carney, I'd like to pick up on your question about the lack of daylight between a duress defense and what the defendant was trying to do here. The careful limitations on asserting an affirmative duress defense would be meaningless if the defendant could otherwise present threat evidence falling short of duress simply as a failure of proof defense at the same time that his duress defense is excluded or waived. And that's precisely what the defendant was trying to do here. And it's particularly problematic in this context where the Supreme Court and this court have been very clear that even evidence of duress does not negate the mens rea for an offense like these drug offenses where the mens rea is to act knowingly and intentionally, as you noted, Judge Carney. Dixon, 548 U.S., pages 5 to 6, is very clear that even when a defendant meets the threshold of duress, that does not contravert the mens rea of knowingly and willfully. It only excuses conduct that is otherwise guilty. Didn't Dixon concern a crime that required just knowing and willful conduct rather than intentional conduct? Is there any difference? Here, the statute, the mens rea in the 21 U.S.C. 841 is also knowingly and willfully. And many of the duress cases in this circuit concern these exact statutes. And they're cited in our brief, B.A. Gus, Gonzalez. And with respect to the limiting instructions about duress, as you noted, Judge Parker, those were appropriate throughout the trial because the defendant nonetheless kept putting this evidence and these arguments before the jury that were totally improper and should not have been before the jury in the first place. So at the outset, during the defendant's testimony, Judge Rakoff explained to the jury the purpose for which this evidence was being admitted to give context and is relevant to the entrapment defense and not for purposes of duress. And defense counsel agreed that that was appropriate. But could Judge Rakoff have said not just entrapment and not participation in a generic sense, but you might consider whether because of feelings of fear or whatever, the person was not behaving in a bad way or would that itself be improper? I mean, this is the argument that we're being told today that there is that middle thing. Is there any way that Judge Rakoff could have recognized, should have recognized that middle ground? No, Your Honor. That argument was made by defense counsel in summation, and that was improper, but that is not recognized under the law. What matters to intent is knowledge and willfulness. And the cases are very clear, including Bailey, 444 U.S. at 10. And this court's Gonzalez decision that a subjective belief that going to the police would be futile, for example, is not sufficient to negate mens rea. Your motive doesn't matter if you know what you are doing and you know that it is against the law as is undisputed here, whether you're doing it because you are afraid or because you want to pay for your brother's cancer treatment or because you have generalized fear. Let me interrupt for a minute, though. I mean, the district court did instruct on intentionally as well and said it meant to act deliberately with a bad purpose rather than innocently. And I understand the argument to be that didn't have a bad purpose because he was in fear and that compelled him to do this. But is your notion that whenever fear is invoked by a defendant, that either he has access to the duress defense or nothing else and the government is kind of relieved of showing the bad purpose or addressing this? Yes, Your Honor. Arguably, what Judge Rakoff said about bad purpose went above and beyond what the elements of the statute actually require. And in the context of this instruction and the statute, I think all that that meant was that he knew he was violating the law, similar to how he defined unlawfully a few lines earlier in his instruction, which is not actually an element of the mens rea. And so to the extent that he talked about about not acting innocently, that's best understood to mean that he knew he was selling drugs and that he knew that the drugs were illegal, not that he had some motive that a juror might find sympathetic because that would simply be jury nullification. And I'm sorry. Please go ahead. You say that all that follows from the Bailey case? From Dixon, principally, because and Dixon relies heavily on Bailey, which talks about both necessity and duress. But Dixon is very clear that with statutes with mens rea exactly like this one of acting willfully and knowingly, that is how Congress has chosen to define the crime. Once we have federal statutory crimes, we're less concerned with questions about a general evil mind and more concerned with the mens rea that Congress defined. And Dixon is very clear that even if your will is overborne to the extent that you're actually acting under duress, that does not change the fact that you knew what you were doing and that you knew what you were doing was against the law, even if it might still excuse your conduct. Was it clear, was it not disputed at trial that Mr. Peterson knew what he was doing, that he was selling drugs and that it was unlawful to do so? Yes, even in his own testimony, he said that at first he thought that the pills in the first transaction might have been medication. This is in the transcript of page 491, but that as soon as he conducted the transaction with the confidential source, it became clear to him what was going on. And then he continued to conduct several additional transactions. He had drugs in his car. He had drugs stored in his home. So turning to harmlessness here, even if Judge Rakoff should have given the proposed instruction, which we submit he should not, and the defense's proposals at page 588 of the transcript and does not properly state the law. But even if Judge Rakoff should have given an additional instruction here, that was harmless because the defendant conducted numerous drug transactions. They were recorded in all of those recordings. He was talking about being a seasoned drug dealer, not about being scared for his life. The person who was supposedly making the threats was in another country. At no point did he go to the police. He had drugs stored in all these various locations. And tellingly, in arranging the transactions with the CS, and this is recorded, the defendant repeatedly set up the transactions to take place at his own apartment where his family lived, belying any assertion that he was afraid that these people were going to come to harm his family. And as an example, Government Exhibit 306-T is one of those transcripts where he is setting up such a transaction. Unless the court has further questions, the government will rest on its submission. Thank you. Thank you. Ms. Strick, you have two minutes of rebuttal. Thank you, Your Honors. I struggle with the limiting principle that the government seems to ask this court to articulate with regard to failure of proof defenses. So, first of all, it is not improper. It is never improper for a defendant to say to a jury, I didn't have a criminal mindset. Instead, I had this other mindset. And that is essentially what the defendant here was doing. Did your client admit that he knew he was dealing drugs and that he knew that was unlawful? Eventually. As the government correctly stated initially. And isn't that sufficient to be a criminal mindset? No, Your Honor. He may have done it because he thought God wanted him to, but that wouldn't excuse him, would it? It would, under the definitional instructions that the court gave here, which the government did not object to, concedes in their papers were correct. As Your Honors have pointed out, knowingly was defined for the jury as acting voluntarily. Intentionally and willfully was defined as to act with a bad purpose. A bad purpose can be understood, as I understood it, as knowing it was unlawful. It could. Not in some ethical sense. It's knowledge that it was an unlawful act. Perhaps. But that phrase was not further defined and the government never asked that it be further defined. And it is. Go ahead. I'm sorry. Complete your answer. Thank you, Your Honor. It is not as though a defendant has to establish a duress defense in order to be able to argue failure of proof on mens rea. Dixon is a case we rely on. Dixon does clearly explain duress and intent are two separate things. The definitions of intentionally and knowingly in Dixon were different than the definitions that the jurors received here. And here, having been told that the question for them was whether he acted with a bad purpose, the threat evidence was directly relevant to that. What precisely is it that the government was required to prove here beyond the reasonable doubt that you contend they failed to do? Well, the instructions, insofar as mens rea was concerned, they were required to prove knowingly, willfully, and intentionally as those terms were defined by the court. The negative implication being that he did act with a bad purpose. He said his proof, and this goes to the government's point about harmlessness, no matter how far fetched the government thinks the threat evidence is or the trial judge thought the threat evidence was, it was for the jury to consider whether he was acting with a criminally culpable mindset or whether he was acting out of fear and self-preservation. On the conspiracy count, whether he was acting in furtherance of a conspiracy or because he felt threatened. You'll walk around of Judge Rakoff's instructions permitted you to put in that proof and make those arguments to the jury and the jury didn't buy them. Well, the argument, I'm sorry, the evidence came in, according to the district court, both to provide context and because it was relevant to the entrapment defense that he did raise. To your point about arguments made by counsel, this court's case law is clear that those are simply arguments. What mattered was the instructions that the district court gave, and for all of the reasons that we assert in our papers, those instructions were erroneous. What were you cut off from saying by those instructions that you believe you were legally entitled to say? It's not a matter of what the defense... You keep not answering Judge Parker's question. Judge Parker's question is, what is it that he should have said that could have given your defense? What is it that was different? It wouldn't go beyond that into what is the rest. And what is it that you were really asking that he do other than what he did? And I'm still puzzled. So I understood Judge Parker's point to be directed toward what defense counsel was precluded from doing and your point, Judge, about what Judge Rakoff should have done. So I'll start with what Judge Rakoff should have done. It's not so much a matter of what he should have said. It's what he said that was impermissible. And there are two things that he said that were impermissible. The first, and this is outlined in our papers, is he should not have channeled the use of the threat evidence away from mens rea and told them they could use it only with regard to entrapment. Our argument is that it was relevant both to entrapment and to the mens rea element. That's the failure proof defense. Secondly, the district court erred by repeatedly telling the jury that the defendant failed to establish a duress defense when that was an affirmative defense. He never set out to prove and because the legal... That's wrong. He absolutely set out to prove it after Judge Rakoff told him not to do it. Your Honor, I disagree. Duress has, as Dixon sort of makes clear, there are very particularized elements of a duress defense. The defendant never set out to try and establish that he had no opportunity to abate the harm. Instead, what he wanted to say is because I felt threatened, I did not have a culpable mental state. All right, Ms. Drake. Thank you very much. We've kept you well past your time. We have your papers and we'll review them carefully and we'll reserve decision. Thank you. Thank you both. Well argued. Appreciate it. Thank you. Thank you.